**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

JOSE ANDRES LINDO-LEITON,

Petitioner,

v.

FERETI SEMAIA, Warden, et al.,

Respondents.

**CASE NO.** 5:26-CV-04487-CTS

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

## I. INTRODUCTION

On August 8, 2026, Petitioner Jose Andres Lindo-Leiton ("Petitioner"), represented by counsel, filed a Petition for Writ of Habeas Corpus ("Petition"). (Pet., ECF No. 1.) The Petition alleges that Petitioner is in the custody of the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE") in Adelanto, California, and that he is being held in violation of the Constitution and laws of the United States. (*See generally id.*) The Petition names as Respondents Fereti Semaia, Warden of Adelanto ICE Processing Center; Jaime Rios, Field Office Director, ICE; David Venturella, Acting Director, ICE; Markwayne Mullin, Secretary, DHS; and Todd Blanche, Acting Attorney

General of the United States ("Respondents"). (*Id.* at 1.[1]) On August 17, 2026, Respondents filed an Answer to the Petition. (Ans., ECF No. 7.) On August 20, 2026, Petitioner filed his Reply. (Rep., ECF No. 8.) For the reasons set forth below, the Court GRANTS the Petition in part and ENJOINS Respondents from continuing to detain Petitioner unless, within seven (7) days of the date of this Order, he is provided with an individualized bond hearing before an immigration judge.

## II. BACKGROUND

The Petition[2] alleges that Petitioner is a thirty-seven-year-old native and citizen of Colombia. (Pet. ¶ 14.) On October 19, 2022, he presented himself at the San Luis, Arizona, Port of Entry with his wife and three children. (*Id.* at ¶¶ 2, 26.) United States Border Patrol encountered him, processed him, photographed him, and fingerprinted him. (*Id.* at ¶¶ 2, 26–27.) On October 24, 2022, DHS released Petitioner into the interior of the United States, enrolled him in an Alternative to Detention program, and handed him Form G-56 directing him to report to a local ICE office. (*Id.* at ¶¶ 2, 28–29.) For the next three years, Petitioner complied with those terms: he reported to ICE and provided his address in Gardena, California; he

---

[1] Pinpoint citations refer to paragraphs and, where none, to the page numbers in the CM/ECF-generated headers of filed documents.

[2] The Petition attaches Exhibits A through K as follows: (A) Petitioner's DHS parole packet; (B) Form I-797C, Notice of Actions, USCIS receipt of Form I-589, dated August 24, 2023; (C) Form I-589, Application for Asylum and for Withholding of Removal, as filed August 24, 2023; (D) Form I-766, Employment Authorization Document; (E) Letter of the Senior Human Resources Manager, CCL Tube, Carson, California, dated July 6, 2026; (F) Letter of the owner of Petitioner's residence, dated July 15, 2026; (G) Petitioner's telephone account statement, dated June 25, 2026, and automobile insurance policy renewal, dated May 14, 2026; (H) IJ White's bond decision, dated July 30, 2026; (I) Petitioner's Colombian passport; (J) Petitioner's Colombian marriage certificate; and (K) Petitioner's children's Colombian civil registries of birth. (Pet., Exs. A–K, ECF No. 1-1.)

applied for asylum within one year of his entry, as required by statute, and that application, which includes his wife and three children as derivatives, remains pending; he was issued an Employment Authorization Document ("EAD") which is valid until February 10, 2029; he took a job as a machine operator at a manufacturing company in Carson, California, where he held his position on the day he was seized; he paid $2,700 per month in rent, on time, to the same landlord; he carried automobile insurance and a telephone account in his own name at that address; and he has no criminal history of any kind. (*Id.* at ¶¶ 3, 30–36.) On July 1, 2026, he was arrested at his scheduled check-in appointment with ICE. (*Id.* at ¶¶ 4, 37–39.) On July 30, 2026, Immigration Judge ("IJ") Curtis G. White denied bond, without making any individualized findings, concluding that he lacked jurisdiction to conduct a custody redetermination hearing. (*Id.* at ¶ 5, 40–45.)

The Answer neither disputes these allegations nor provides additional facts or exhibits. (*See generally* Ans.)

## III. PETITIONER'S CLAIMS

Petitioner challenges his detention on three grounds: (1) Violation of the Fifth and Fourth Amendments of the United States Constitution (Pet. ¶¶ 78–80); (2) Detention Contrary to Immigration and Nationality Act ("INA") § 236(a), 8 U.S.C. § 1226(a) (*id.* at ¶¶ 81–83); and (3) Violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2) (*id.* at ¶¶ 84–86). He seeks declaratory relief, immediate release, and an order that Respondents not re-detain Petitioner under 8 U.S.C. § 1225(b)(2)(A). (*Id.* at 24.)

## IV. DISCUSSION

In their Answer, Respondents state that "Petitioner appears to be entitled to request and receive an initial bond hearing pursuant to *Rodriguez Vazquez v. Bostock*." (Ans. 2 (citation omitted).) The Court agrees. The Ninth Circuit has

confirmed that noncitizens like Petitioner, who are "present without admission [and] who are apprehended in the interior of the United States[,] are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." *Rodriguez Vazquez v. Bostock*, No. 25-6842, __ F.4th __, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026). Petitioner is therefore entitled to "extensive procedural protections that are unavailable under other detention provisions, including several layers of review of the agency's initial custody determination, *an initial bond hearing before a neutral decisionmaker*, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1202 (9th Cir. 2022) (emphasis added); *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.").

Here, Petitioner did not receive an initial bond hearing because IJ White concluded that the Immigration Court "does not have authority, jurisdiction, and venue for custody redetermination." (Pet. ¶¶ 40–41.) The Court notes that the Petition requests immediate release from custody. (*Id.* at 24.) However, the claims asserted in the Petition, which focus on Respondents' failure to provide a bond hearing after Petitioner was detained, do not support an order requiring immediate release.[3] Thus, the appropriate remedy at this stage, based on the Petition's allegations, "is an order requiring an individualized bond hearing be held" before an immigration judge within seven days. *Flores Arroyo v. Mullin*, No. 5:26-CV-04263-KES, 2026 WL 2337883, at *1 (C.D. Cal. Aug. 12, 2026). Accordingly, the Court finds that Respondents must release Petitioner unless he is provided with a bond hearing within seven days.

[3] For instance, the Petition does not raise a claim that Respondents' failure to provide Petitioner with pre-deprivation process requires his immediate release.

## V. CONCLUSION

IT IS THEREFORE ORDERED THAT:

1. The Petition is GRANTED in part;
2. Respondents are ENJOINED from continuing to **detain Petitioner Jose Andres Lindo-Leiton (A 241-910-820)** unless, within seven (7) days of the date of this Order, he is provided with an individualized bond hearing before an immigration judge; and
3. The parties must file a joint status report within fourteen (14) days of the date of this Order, which must: (a) discuss the results of any bond hearing held; (b) address the question of whether the remainder of the Petition has been rendered moot; and (c) if the Petition has not been rendered moot, indicate whether leave to amend the Petition will be sought.

DATED: August 28, 2026

CHRISTINA T. SHAY
UNITED STATES MAGISTRATE JUDGE